# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JAMES DEJESUS PENN,
  *Defendant-Appellant.*

No. 02-4146

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-01-209)

Submitted: January 29, 2003

Decided: February 21, 2003

Before WILKINS, Chief Judge, and NIEMEYER and
MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

George Harper, Upper Marlboro, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Daphene R. McFerren, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Dejesus Penn appeals his conviction for possession of a fire-arm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (2000) (count one), and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (2000) (count two). Finding no reversible error, we affirm.

First, Penn argues that the district court erred in denying his motion to suppress evidence seized from his residence because the search warrant affidavit lacked probable cause to search, and the good faith exception to the exclusionary rule did not apply because the executing officer could not have reasonably relied on the warrant. In the alternative, Penn argues that the good faith exception to the exclusionary rule under *United States v. Leon*, 468 U.S. 897 (1984), should be rejected because it undermines the Fourth Amendment.

We review a district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). We have reviewed the record and conclude that the search warrant application established probable cause to search Penn's residence. We therefore find it unnecessary to review Penn's claim that the good faith exception to the exclusionary rule is inapplicable.

Second, Penn contends that the district court erred in denying his request for a *Franks** hearing and erred by refusing to allow him to call a witness in support of his request for such a hearing. We review for clear error the factual determinations underlying the denial of such a motion, and review de novo the legal conclusions. *United States v. Photogrammetric Data Servs., Inc.*, 259 F.3d 229, 237 (4th Cir.

---

*Franks v. Delaware*, 438 U.S. 154 (1978).

2001). To be entitled to a hearing on the validity of the search warrant affidavit, a defendant must "make[ ] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155-56. Even if the affidavit in this case contained intentional misrepresentations, we find that the alleged misrepresentations were not necessary to the finding of probable cause. Therefore, the district court did not err by refusing to hear testimony from a witness regarding the alleged misrepresentations.

Accordingly, we affirm Penn's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*